**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TONJA R. WRIGHT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-16214** |
| **NATIONAL INTERSTATE INSURANCE COMPANY ET AL** | **SECTION "L"** |

## ORDER & REASONS

Before the Court is Plaintiff's Motion to Remand. R. Doc. 8. Having reviewed the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

### I.    BACKGROUND

This case arises out of an automobile accident. On September 9, 2015, Plaintiff Tonja Wright ("Wright" or "Plaintiff") was operating her 2011 Ford Escape in Tangipahoa Parish, Louisiana, when she was struck by a 2015 Kenilworth tractor and trailer owned by Defendant Mabe Trucking Company, Inc. ("Mabe"), and operated by Defendant Terry Tearle Poole ("Poole"). R. Doc. 1-1 at 2. Wright also brings this case on behalf of her minor son Noah Jackson ("Jackson"), who was travelling with her in the car at the time of the alleged accident. In her motion, Plaintiff provides a list of communications regarding her injuries between herself and Mabe's and Poole's insurer, Defendant National Insurance Company, from November 13, 2015, to August 8, 2016. R. Doc. 8-1 at 2-3.

Plaintiff filed suit in state court on August 23, 2016, seeking damages for past and future mental and physical pain and suffering, property damage, loss of use of vehicle, depreciation, rental expenses, medical expenses, loss of past earnings, loss of future earning capacity, disability, scarring and disfigurement, loss of consortium, and penalties and attorneys' fees. R. Doc. 1-1 at 1, 4. While La. Code Civ. Proc. Art. 893(A)(1) prohibits plaintiffs from alleging a

specific amount of monetary damages, Plaintiff could have stated in her initial complaint that the amount in controversy satisfied, or failed to satisfy, federal jurisdiction requirements. In her pleading, Plaintiff referred to her injuries as "severe and disabling," without elaborating on the nature of the injuries. *Id*. at 3. On November 1, 2016, Defendants received medical records in response to a subpoena that indicated Plaintiff had undergone cervical fusion surgery. R. Doc. 1 at 4. Defendants filed their notice of removal from state court on November 9, 2016, maintaining that Plaintiff's damages could reasonably exceed $75,000. *Id*. at 4, 6.

## II.     PRESENT MOTION

Plaintiff Wright filed the present Motion to Remand. R. Doc. 8. Wright maintains that Defendants' removal was untimely, and asks this Court to remand the present action to state court. *Id*. at 1. Wright does not dispute that the parties are diverse and the amount in controversy exceeds $75,000, but contests the timeliness of the Notice of Removal. R. Doc. 8-1 at 4.

### A.  Plaintiff's Motion to Remand

Wright provided correspondence between the parties prior to the commencement of the case detailing her injury and medical care. R. Doc. 8-1 at 2-3; R. Docs. 8-2; 8-3; 8-4; 8-5. Based on this correspondence, she claims that Defendants were aware of her cervical fusion surgery as of August 8, 2016, and should have been aware that damages in a cervical fusion case would exceed $75,000. *Id*. at 5. Plaintiff cites Fifth Circuit precedent holding that settlement letters are considered "other paper" for the purposes of the commencement of time for removal, thus rendering Defendants' Notice of Removal untimely. *Id*. at 5.

### B.  Defendants' Opposition

Defendants oppose the motion to remand and contend that the provisions of 28 U.S.C. § 1332 and 1441 are satisfied. R. Doc. 9 at 2.

Relying on 28 U.S.C. 1446(b)(3), Defendants argue that because Plaintiff's state court petition did not affirmatively reveal on its face that the damages sought were in excess of $75,000, it was not removable at that time. *Id*. at 3 (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)). Accordingly, Defendants maintain this Court must evaluate whether it became removable at a later time. *Id*. Relying on precedent from this Court, Defendants argue that none of Plaintiff's communications regarding her injuries prior to filing the state court action were legally sufficient to start the clock. R. Doc. 9 at 3-4.

Defendants maintain that the Notice of Removal was filed within thirty days of their receipt of "other paper" and thus timely under 28 U.S.C. § 1446(b)(3). R. Doc. 9 at 5. Defendants agree with Plaintiffs that a settlement demand may be considered "other paper," but note that they never received a settlement demand, and that settlement demands must be received after the initial demand to constitute "other paper." R. Doc. 9 at 6. Defendants rely on Plaintiffs' medical records obtained on November 1, 2016, as the first receipt of "other paper" indicating that damages would be greater than $75,000. R. Doc. 9 at 6. Using this date, Defendants contend that their November 9, 2016, Notice of Removal was within the thirty-day removal deadline. R. Doc. 9 at 6.

### III.   LAW AND ANALYSIS

#### A.  Applicable Law

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the issue. 28 U.S.C. § 1441(a). A federal court would have original jurisdiction over cases involving complete diversity of diversity of citizenship among the parties where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

28 U.S.C. § 1446 creates two distinct thirty-day filing deadlines for a notice of removal. In *Chapman v. Powermatic, Inc.*, the Fifth Circuit held that this provision creates a two-step test to analyze the timeliness of removal. 969 F.2d 160, 161 (5th Cir. 1992). First, a court must determine if the case was removable when initially filed:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1)

The Fifth Circuit established in *Chapman* that, to be removable under § 1446(b)(1), a pleading must affirmatively reveal on its face that the plaintiff seeks damages in excess of $75,000. 969 F.2d at 163 (reaffirmed by *Mumfrey v. CVS Pharmacy*, 719 F.3d 392, 400 (5th Cir. 2013)). A defendant's subjective knowledge of the amount of damages is not enough to convert a non-removable action into a removable one. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

If the action is not removable when initially filed, the court then evaluates if the case became removable at a later time. Section 1446(b)(3) provides that:

> [e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Thus, a case is removable upon the defendant's receipt of "other paper" from which the amount of damages sought may first be ascertained. To trigger the removal timer, the information contained in the "other paper" must be "unequivocally clear and certain." *Bosky v. Kroger Texas,*

*LP*, 288 F.3d 208 (5th Cir. 2002). "[O]ther paper" must also be "received by a defendant only after that defendant has received the initial pleading." *Chapman*, 969 F.2d at 164. If a case is originally not removable for reasons concerning amount in controversy, responses to discovery are considered "other paper." § 1446(c)(3).

### B. Discussion

Defendant's removal in this case is only timely if: (1) the timing provision of 28 U.S.C. § 1446(b)(1) was not triggered by Plaintiff's initial pleading; and (2) if the timing provision of § 1446(b)(3) was triggered on or after October 10, 2016.

### i. *Section 1446(b)(1) and Plaintiff's Complaint*

Plaintiff's initial complaint did not trigger the timing provisions of § 1446(b)(1) because the pleading did not affirmatively reveal on its face that Plaintiff sought damages in excess of $75,000. In the Fifth Circuit, the initial pleading can only trigger the thirty-day removal time period if the "pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). Plaintiff sought damages for "past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, property damage, loss of use of vehicle, depreciation, rental expenses, medical expenses, loss of past earnings, loss of future earning capacity, permanent disability of the body, scarring and disfigurement, loss of consortium and penalties and attorney's fees" for her "severe and disabling injuries." R. Doc. 1-1 at 3-4. Plaintiff did not include "a specific allegation that damages are in excess of the federal jurisdictional amount" in this initial pleading, and thus the initial pleading did not, on its face, trigger the removal timer. *Chapman*, 969 F.2d at 163.

Plaintiff's cited cases involve amount disputes, not timeliness disputes. R. Doc. 8-1 at 4 (citing *Lucket v. Delta Airlines Inc.*, 171 F.3d 295, 298 ("the sole jurisdictional issue is whether the district court erred in deciding the amount in controversy exceeded $75,000"); *White v. FCI USA, Inc.*, 319 F.3d 672, 673-74 ("Plaintiff…asserts the district court erred in finding the…amount-in-controversy requirement satisfied"); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 ("plaintiffs…question the application of the amount-in-controversy standard")). The Fifth Circuit has held that a "facially apparent" argument is relevant only to amount dispute cases, and specifically disavowed the applicability of *Luckett v. Delta Airlines, Inc.* in timeliness disputes. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013). Plaintiff admits that the amount in controversy exceeds $75,000, and relies on the argument that the Notice of Removal was untimely to justify remand to state court; thus, the cited cases do not support Plaintiff's argument for remand.

Plaintiff's argument regarding damage awards for similarly-situated plaintiffs is also inapposite – Plaintiff did not detail her injuries in her initial complaint. R. Doc. 8-1 at 5. The *Chapman* inquiry focuses on the text of the pleading, not the defendant's subjective knowledge. 969 F.2d at 163 ("We adopt this rule because we conclude that it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know.")

*ii.   Section 1446(b)(3) and Plaintiff's Subpoena Response*

Defendant's removal was timely under § 1446(b)(3), because Defendant's November 9, 2016, Notice of Removal was filed within thirty days of Defendant's November 1, 2016, receipt of "other paper" which triggered the thirty-day removal period. "Other paper" can trigger the thirty-day timer under § 1446(b)(3) if it is received after the initial complaint and is

"unequivocally clear and certain" regarding the information supporting removal. *Bosky*, 288 F.3d at 211. Defendant received "unequivocally clear and certain" notice that Plaintiff's damages would exceed $75,000 on November 1, 2016 in medical records obtained through a subpoena response. R. Doc. 9 at 5. Defendants filed their Notice of Removal on November 9, 2016, within the thirty-day time period triggered by this "other paper," and is therefore timely.

Plaintiff's correspondence with Defendants prior to August 23, 2016, does not constitute "other paper" capable of triggering the removal provision. As discussed in this Court's recent ruling in *Oniate v. State Farm Mutual Automobile Insurance Company*, *Chapman* holds that an "other paper" must be "received by a defendant only after that defendant has received the initial pleading." *Chapman*, 969 F.2d at 164; *Oniate*, 2:15-CV-6431 (E.D. La. 1/20/16); 2016 WL 232437. None of the correspondence between Plaintiff and Defendants discussing medical treatment and expenses qualify as "other paper" because they were received prior to the August 23, 2016 initial pleading in state court. Therefore, Plaintiff's argument is unpersuasive.

## IV.    CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand, R. Doc. 8, is hereby **DENIED**.

New Orleans, Louisiana, this 24th day of January, 2017.

_____

UNITED STATES DISTRICT JUDGE

7