# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TONJA WRIGHT** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 16-16214** |
| | * | |
| **NATIONAL INTERSTATE** | * | **SECTION L (1)** |
| **INSURANCE CO., ET AL.** | * | |

## ORDER AND REASONS

Before the Court are two motions *in limine*. First, Plaintiff seeks to exclude portions of the medical records involving a second, separate automobile accident that occurred after the instant accident in question but before her cervical fusion surgery that allegedly resulted from her first accident. *See* Doc. Rec. 32. Second, Defendants seek to introduce a letter, addressed to Geico Insurance, written by Plaintiff's counsel, regarding the second automobile accident. *See* Doc. Rec. 21. The Court held oral argument on these matters on August 23, 2017. Having considered the parties' arguments, submissions, and applicable law, the Court now issues this Order and Reasons.

## I.   BACKGROUND

This case arises out of an automobile accident. On September 9, 2015, Plaintiff Tonja Wright was operating her 2011 Ford Escape in Tangipahoa Parish, Louisiana, when she was struck by a 2015 Kenilworth trailer owned by Mabe Trucking Company and operated by Terry Poole. Rec. Doc. 1-1 at 2. Wright also brings this case on behalf of her minor son Noah Jackson, who was travelling with her in the car at the time of the alleged accident.

Plaintiff filed suit in state court on August 23, 2016, seeking damages for past and future mental and physical pain and suffering, property damage, loss of use of vehicle, depreciation, rental expenses, medical expenses, loss of past earnings, loss of future earning capacity, disability, scarring and disfigurement, loss of consortium, and penalties and attorneys' fees. Rec. Doc. 1-1

1

at 1, 4. In her pleading, Plaintiff referred to her injuries as "severe and disabling," without elaborating on the nature of the injuries. *Id*. at 3. On November 1, 2016, Defendants received medical records in response to a subpoena that indicated Plaintiff had undergone cervical fusion surgery. Rec. Doc. 1 at 4.

## II. DISCUSSION

Prior to her surgery on August 2, 2016—allegedly resulting from the car accident in question—Plaintiff was involved in another motor vehicle accident and was seen in the emergency room of Lallie Kemp Hospital on May 26, 2016. Plaintiff claims that the 2015 accident, the instant dispute, caused her to need a cervical fusion at the C4-C6 levels, which was performed on August 2, 2016. Meanwhile, Defendants assert that Plaintiff's alleged injuries and damages resulted from a separate, intervening or superseding event—the later 2016 accident. Thus, Defendants seek, and Plaintiff attempts to exclude, evidence related to this later car accident.

### A. Medical Records (Rec. Doc. 32)

Plaintiff seeks to preclude testimony from that hospital record involving the 2016 accident, specifically portions where Plaintiff allegedly stated: "I was supposed to have surgery on my neck and chose not to." Rec. Doc. 32-2 at 2. Plaintiff denies that she told the hospital that she chose not to have the surgery. *Id*.

Plaintiff proffers two reasons to exclude this portion of the medical record: (1) it is hearsay, as well as hearsay within hearsay; and (2) its prejudicial value outweighs benefits. *Id.* at 2-3. Defendants oppose this motion, arguing that the medical record—certified authentic here—are covered by a hearsay exception under FRE 803(4) and 803(6). Rec. Doc. 37. Moreover, Defendants argue that the medical record is relevant and not prejudicial because it "has a tendency to disprove Plaintiff's allegations concerning causation and does not cause the jury to make a decision on an improper basis." *Id.* at 6.

Medical records are covered by a specific hearsay exception under Rule 803(4) of the Federal Rules of Evidence: "statements made for purposes of medical diagnosis or treatment[,]" under the conditions listed in that rule, are admissible even if the declarant is unavailable. The Supreme Court considers this exception to be a "firmly rooted" hearsay exception for purposes of the Confrontation Clause; statements made for medical diagnosis are considered particularly reliable. *See White v. Illinois*, 502 U.S. 346, 356 n. 8 (1992). Moreover, business records are covered by a hearsay exception under Rule 803(6) of the Federal Rules of Evidence, for records of regularly conducted activity. *See United States v. Ismoila*, 100 F.3d 380, 392 (5th Cir. 1996) (holding that the business records exception is a "firmly rooted" hearsay exception). Rule 803(6) provides a hearsay exception for records kept in the course of any regularly conducted business activity, which includes hospitals. *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (5th Cir. 1991) (citing *Ricciardi v. Children's Hospital Medical Center*, 811 F.2d 18, 22 (1st Cir. 1987). The admissibility of hospital records under this exception is supported by the presumption of reliability that attaches to statements relating to treatment and medical history in such records. *Ricciardi*, 811 F.2d at 22. Nonetheless, before admitting such statements, the Court needs to determine whether the statements were reasonably considered by the declarant as being pertinent to the diagnosis or treatment sought. *Rock Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 278 (5th Cir. 1991).

Here, the medical record, authenticated by the hospital, was prepared in the regular course of business records of LSU Lallie Kemp Regional Medical Center and relevant to Plaintiff's medical diagnosis. *See* Doc. 47-2 at 1 ("All entries were made by hospital personnel at the time of services rendered and during the regular course of hospital business."). At the hearing, nonetheless, Plaintiff argued and emphasized that the second portion of the statement ("I was supposed to have surgery . . . *and chose not to*.") is not relevant to medical diagnosis and thus does

not fall under the hearsay exceptions. Not so. The medical record is relevant and reliable because it relates to Plaintiff's symptoms, objective data, and surrounding circumstances that a reasonable physician would consider relevant in the treatment or diagnosis of a medical condition. It contains information regarding Plaintiff's pain, past symptoms from her neck injuries, and its severity. Accordingly, the medical record is admissible under FRE 803(6) and 803(4), and is not prejudicial under FRE 403. Moreover, Defendant may also use the statement under FRE 607 to impeach the witness's credibility, as well as under FRE 613 as a prior statement. Therefore, Plaintiff's motion to exclude the medical record and its statement therein is **DENIED**.

B. **Letter to Geico Indemnity Company (Rec. Doc. 21)**

Defendants further seek to introduce a January 23, 2017 letter written by Plaintiff's counsel to Geico Indemnity Company concerning the subsequent May 26, 2016 accident involving Plaintiff. In response to the Notice of Records Deposition, Geico produced a letter of representation in which Plaintiff's counsel advises Geico he was retained by Plaintiff to "represent her interest" concerning an accident on May 26, 2016. Also, the Geico production contains the instant January 23, 2017 letter from Plaintiff's counsel to Krupen Amin, a claims adjuster for Geico and who will be called as a witness for Defendants. *See* Rec. Doc. 47-1 at 1. The letter references the nature of Plaintiff's claimed injuries in the subsequent May 26, 2016 accident, and attaches a surgical report and bill from August 2, 2016. *See id.* Attached to the letter is "the surgical report and bill" and states Geico's "policy limits are clearly exhausted." *Id.* The letter then asks Geico to pay its policy limits. *Id.* The surgical report and bill are for Plaintiff's August 2, 2016 cervical fusion. *See id.* at 2-9. Plaintiff opposes the motion under FRE 408 (as evidence regarding settlement or compromise), FRE 801(c)(3) (hearsay), and FRE 403 (prejudicial).

1. <u>FRE 408</u>

Generally, FRE 408 prevents the admission of information shared during settlement

4

negotiations "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement." Fed. R. Evid. 408(a). In the instant case, however, the settlement correspondence, the letter, relates to a separate party, arising from a separate incident.

*Rico v. American Family Insurance Group* is instructive concerning Plaintiff's argument. *See* 267 F.Supp. 2d 554, 557-58 (E.D. La. 2002), *aff'd sub nom, Rico v. Am. Family Mut. Ins. Co.*, 76 Fed. Appx. 527 (5th Cir. 2003). In *Rico*, the Court allowed the testimony of a defense attorney who had defended a previous personal injury lawsuit brought by the plaintiff. *Id*. The attorney testified about "the general nature of the injuries which [the plaintiff] alleges he sustained in the prior lawsuit." *Id*. at 558. The Court noted the "main defense" of the defendants was the plaintiff suffered the same injuries, in the accident before the *Rico* court, for which he previously sought compensation. *Id*. Thus, the Court found the defense attorney's testimony was relevant to the defendant's defense. In *Rico*, the defendant was allowed to enter testimony of a defense attorney in a previous personal injury suit to testify about "the general nature of the injuries which [the plaintiff] alleges he sustained in the prior lawsuit and the fact the prior lawsuit was settled." *Id*. at 558. Nonetheless, the *Rico* Court noted the amount of the settlement was not disclosed, but the witness "merely testified about the injuries which [the plaintiff] claimed he sustained in the prior lawsuit." *Id*. That testimony, the Court noted, was factual and thus allowed. *Id*.

Here, the letter addressed to and testimony by Geico representative Krupen Amin are relevant to Defendants' defense that Plaintiff's alleged injuries and damages were caused by "a separate, intervening, and/or superseding event." Rec. Doc. 21-2 at 4. Moreover, FRE 408 is not applicable here because the settlement discussed therein is not between Plaintiff and Defendants, but rather a different party. The Fifth Circuit has developed a "loose 'transactional' test" to define "the claim" in Rule 408 and requires a dispute at least "arise out of the 'same transaction'" in order to trigger Rule 408. *Buckhanan v. Shinseki*, 665 Fed. Appx. 343, 351 (5th Cir. 2016) (quoting

*Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 297 (5th Cir. 2010)). Contrary to Plaintiff's assertion, there is no shared factual nexus. The 2016 accident is an entirely separate claim from the instant 2015 matter—involving a different defendant, location, and time. Accordingly, FRE 408 does not apply to preclude evidence arising from settlement discussions involving the latter 2016 accident.

    2.    <u>FRE 801</u>

Plaintiff further argues that the letter is hearsay evidence. Rec. Doc. 40 at 8. Indeed, while the letter is an out of court statement, the letter is specifically not hearsay pursuant to Federal Rule of Evidence 801(d) because this statement qualifies as an opposing party's statement. Based on the letter of representation from Plaintiff's counsel, Plaintiff's counsel was acting in his representative capacity of Plaintiff concerning the 2016 accident when he advised Geico the August 2, 2016 surgery was caused by the 2016 accident. Generally, statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney. *See Mercato Elisio, LLC v. Deveney*, CV 15-563, 2016 WL 4181021, at *4 (E.D. La. Aug. 8, 2016) ("Because the letter is offered against [plaintiff], and was made by a party authorized by [plaintiff] to speak on the subject, it is not hearsay."); *see also Hanson v. Waller*, 888 F.2d 806, 814 (11th Cir. 1989) (noting that Rule 801(d)(2)(C) "has been applied to allow in evidence statements made by attorneys in a representational capacity."); *Williams v. Union Carbide Corp.*, 790 F.2d 552, 555 (6th Cir. 1986) ("It is the general rule that 'statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney.'" (quoting *United States v. Margiotta*, 662 F.2d 131, 142 (2d Cir. 1981), *cert. denied*, 461 U.S. 913 (1983)). Accordingly, the instant letter to Geico, drafted by Plaintiff's counsel, is not precluded under the hearsay rule. Moreover, Defendants may use this letter under FRE 607 to impeach a witness at trial.

3. FRE 403

Finally, Plaintiff contends that the prejudicial nature of the letter outweighs its probative nature. Defendants, nonetheless, argue that Plaintiff's injuries and damages arise, in part, from a separate, intervening incident. The instant letter is in regards to issues surrounding the 2016 subsequent accident. That information is central to Defendants' case in chief and therefore relevant. Based on these reasons, Defendants' motion is **GRANTED**.

### III. CONCLUSION

Based on the aforementioned, accordingly,

**IT IS ORDERED** that Plaintiff's motion *in limine* (Rec. Doc. 32) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion *in limine* (Rec. Doc. 21) is hereby **GRANTED**.

New Orleans, Louisiana, this 25th day of August, 2017.

**ELDON E. FALLON**
United States District Judge