UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TONJA WRIGHT, INDIVIDUALLY AND ON BEHALF OF HER MINOR SON, NOAH JACKSON | * * * | CIVIL ACTION |
| | * | NO. 16-16214 |
| VERSUS | * * | SECTION L (1) |
| NATIONAL INTERSTATE INSURANCE CO., ET AL. | * * | |

## ORDER AND REASONS

Before the Court is Defendants' motion for partial summary judgment, asking the Court to dismiss Plaintiff's claims against Defendant Mabe Trucking Company. Rec. Doc. 36. Plaintiff opposes the motion. Rec. Doc. 71. Having considered the parties' arguments, submissions, and applicable law, the Court now issues this Order and Reasons.

### I. BACKGROUND

This case arises out of an automobile accident. On September 9, 2015, Plaintiff Tonja Wright was operating her 2011 Ford Escape in Tangipahoa Parish, Louisiana, when she was allegedly struck by a trailer operated by Defendant Terry Poole. At the time of the alleged accident, Poole was employed by Mabe Trucking Company. Mabe has stipulated that at the time of the alleged accident, Poole was in the course and scope of his employment with Mabe. Rec. Doc. 36-1.

On August 23, 2016, Plaintiff filed suit against Defendants, seeking damages for past and future mental and physical pain and suffering, property damage, loss of use of vehicle, depreciation, rental expenses, medical expenses, loss of past earnings, loss of future earning capacity, disability, scarring and disfigurement, loss of consortium, penalties, and attorneys' fees.[1]

---

[1] Plaintiff Wright also brings this case on behalf of her minor son Noah Jackson, who was travelling with her

1

Plaintiff further alleges that Mabe was negligent for allowing Poole to operate the vehicle, for failing to train him, and for failing to "maintain" the vehicle. Rec. Doc. 1-1. Plaintiff claims that the 2015 accident caused her to need a cervical fusion at the C4-C6 levels, which was performed on August 2, 2016. Rec. Doc. 23.

## II. PRESENT MOTION

Defendants filed their motion for partial summary judgment, seeking to dismiss claims against Mabe. Because Mabe has stipulated that Poole was in the course and scope of employment, Defendants argue that Plaintiff cannot simultaneously pursue both (1) a negligence claim against Poole, in which Mabe would be held vicariously liable if Poole's fault is proven, and (2) a direct negligence claim against Mabe for allowing Poole to operate the vehicle, failing to train him, and failing to maintain the vehicle. *See* Rec. Doc. 36-3 at 1. To support their motion, Defendants rely on a recent case from the Western District of Louisiana: *Dennis v. Collins*, No. CIV.A 15-2410, 2016 WL 6637973 (W.D. La. Nov. 9, 2016) (Hicks, J.).

## III. LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398 (5th Cir. 2008).

---

in the car at the time of the alleged accident.

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

Additionally, "[a] partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." *Streber v. Hunter*, 221 F.3d 701, 737 (5th Cir. 2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993).

## IV.  LAW AND ANALYSIS

### A. Whether Plaintiff Can Pursue Simultaneous Causes of Action—Under Respondeat Superior and Negligence of Employer—When the Employer Has Stipulated that the Employee Acted in the Course and Scope of Employment.

Louisiana law lacks binding precedent as to whether simultaneous causes of action can be brought against the employer under the doctrine respondeat superior as well as the negligence of the employer in hiring, training, and/or supervision when the employer has stipulated that the

employee acted in the course and scope of employment. *See Dennis*, 2016 WL 6637973, at *5. In the absence of a final decision by the Louisiana Supreme Court on an issue, the Court must make an "*Erie* guess" and determine how that court would resolve the issue if presented with the same case. *See Vanderbrook v. Unitrin Preferred Ins. Co. (In re Katrina Canal Breaches Litig.)*, 495 F.3d 191, 206 (5th Cir. 2007).

Recently, a sister court in the Western District of Louisiana addressed the same question as the one before the Court today. In *Dennis v. Collins*, a plaintiff asserted causes of action against Greyhound and its driver for damages that resulted from a motor vehicle accident. *Dennis*, 2016 WL 6637973, at *1. The plaintiff also asserted individual claims against Greyhound for negligent hiring, training, and supervision of its driver. The court noted that Greyhound did not argue "that a plaintiff can never simultaneously maintain both (1) a direct negligence (i.e., negligent hiring, training, and or/supervision) cause of action against an employer and (2) a tort cause of action against an employee for which the plaintiff seeks to hold the employer vicariously liable." *Id.* at *5. Rather, the court explained: "Greyhound argues only that a plaintiff cannot simultaneously maintain both (1) a direct negligence cause of action against an employer and (2) a negligence cause of action against an employee for which the plaintiff seeks to hold the employer vicariously liable *when the defendant stipulates that the employee acted in the course and scope of employment*." *Id.* (emphasis added). The *Dennis* court looked extensively at Louisiana's jurisprudence on the instant issue, and grounded its decision, in part, on *Roberts v. Benoit*, 605 So.2d 1032 (La. 1991), *aff'd on rehearing*, 605 So.2d 1050 (La. 1992).

In *Roberts*, the Louisiana Supreme Court recognized the tort of negligent hiring, and "characterized direct negligence claims against employers and tort claims against employees for which the employer may be liable as 'separate and independent.'" *Id.* at 1037. The *Roberts* court stated that third parties injured by an employee have two different potential theories under which

4

to bring an action against the employee's employer: (1) the doctrine of respondeat superior and (2) the tort of negligent hiring. *Id.* at 1037. However, *Roberts* focused on the liability of a municipal employer for the acts of an *off-duty* deputy, and did not specifically address how respondeat superior and the tort of negligent hiring may apply in other factual scenarios. *See id.* The *Dennis* court noted that whether the deputy was in the "course and scope" of employment was at issue in *Roberts*, thereby allowing both causes of action to proceed simultaneously to the jury.

Nonetheless, in *Dennis*, Greyhound had stipulated that the driver was in the course and scope of his employment when the accident occurred. The *Dennis* court concluded that the negligent hiring claim against the employer was subsumed in a direct negligence claim against the employee, "[basing] at least in part, on the elements of cause-in-fact and legal cause, also known as proximate cause." *Id.* at *7. The court reasoned: if the jury determines that the driver was negligent, then Greyhound is vicariously liable for his actions. In other words, the driver's negligence includes any negligence of Greyhound in training or supervision. And if the driver "was not negligent, then no amount of negligence on the part of Greyhound in training and supervising him could have been the cause-in-fact or legal cause of the collision and Dennis' injuries." *Id.* at *8.

Following this logic and Louisiana tort law jurisprudence, the *Dennis* court enunciated a rule answering the instant question. The court held:

> A plaintiff may not simultaneously maintain independent causes of action in tort against both an employee and an employer for the same incident when the plaintiff alleges both [] negligence by the employee and [] negligent hiring, training, and/or supervision by the employer; and [when] the employer stipulates that the employee acted in the course and scope of employment.

2016 WL 6637973, at *5.

5

### B. Application to Case at Bar

The facts in *Dennis* are factually analogous to the instant case. Like Greyhound, Defendant Mabe has stipulated that Poole was within the course and scope of his employment when the accident occurred. *See* Rec. Doc. 36-2 at 2. Additionally, both cases involve accidents that are alleged to have been acts of the employee's negligence. *See* Rec. Doc. 1-1. Applying the rule from *Dennis*, Plaintiff's negligent hiring, failure to train, and failure to maintain the vehicle claims against Mabe are thus subsumed in her direct negligence claim against Poole.

Although Plaintiff points out that *Dennis* is not binding precedent—which is true—this Court is nonetheless persuaded by the rule and reasons pronounced by the Western District of Louisiana. And *Dennis* has been cited and followed by another federal district court in Louisiana – in *Wilcox v. Harco International Insurance*, No. CV 16-187-SDD-EWD, 2017 WL 2772088, at *3 (M.D. La. June 26, 2017) (Dick, J.) (holding "Plaintiff's argument . . . to pursue independent claims of negligence against [employer] while simultaneously asserting that [employer] is vicariously liable for the negligence of [employee] is without merit.").

Plaintiff also argues that granting Defendants' motion for partial summary judgment could result in prejudicing the Plaintiff by limiting the evidence available. The Court finds this concern unconvincing. Plaintiff remains free to pursue her negligence claim against Poole, in which Mabe may be held vicariously liable as Poole's employer. As such, Mabe will continue to be required to produce relevant evidence during discovery.

### V. CONCLUSION

Based on the foregoing, accordingly,

**IT IS ORDERED** that Defendants' motion for partial summary judgment (Rec. Doc. 36) is hereby **GRANTED**.

New Orleans, Louisiana, this 6th day of November, 2017.

                                                                           **ELDON E. FALLON**
                                                                           United States District Judge